# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHNNY LACY, JR.,

        Plaintiff,

                                        Case No. 11-CV-1084

CHARLES COLE, et al.,

        Defendants.

## MEMORANDUM AND ORDER

The *pro se* plaintiff, Johnny Lacy, Jr., who is incarcerated at Waupun Correctional Institution, filed a complaint in this court under 42 U.S.C. § 1983. He makes allegations in his complaint that over forty individuals, most of whom are employees of the Wisconsin Department of Corrections or Waupun Memorial Hospital, violated a number of his constitutional rights in various ways over a time period of at least nine months. In addition to his complaint, the plaintiff has filed a motion for leave to proceed *in forma pauperis*, a motion for temporary restraining order and/or preliminary injunction, and a motion to appoint counsel.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prison has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds

both before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998).

The plaintiff has accumulated strikes as follows: (1) *Lacy v. Buchler*, No. 93-C-889 (E.D. Wis., Curran, J.)(dismissed as "frivolous"); (2) *Lacy v. McCaughtry*, No. 93-C-657 (E.D. Wis., Evans, C.J.)(dismissed as "frivolous"); and (3) *Lacy v. Malloy*, No. 93-C-944 (E.D. Wis., Curran, J.)(dismissed as "frivolous"). The plaintiff's strike status has been confirmed by the United States Court of Appeals for the Seventh Circuit at least twice. *See Lacy v. Strahota*, No. 11-2193 (7th Cir., Aug. 22, 2011). Because the plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, his motion to leave to proceed *in forma pauperis* will be denied unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)).

The plaintiff has included in his complaint allegations of imminent danger. He states that he is "in imminent danger of a heart attack, stroke, both and death. I am suffering now!" (Complaint at 5). After a lengthy complaint addressing a number of unrelated claims against over forty defendants, the plaintiff avers on page twenty-four that Dr. Paul Sumnicht informed the plaintiff that he did not think the plaintiff had congestive heart failure, after informing the plaintiff for almost a year that he did not know what type of congestive heart failure the plaintiff had. The plaintiff asserts that the defendants' failure to treat his congestive heart failure amounts to constructively trying to murder the plaintiff while trying to make it look like a natural death or one

2

caused by the complications of diabetes. He further suggests that the failure to treat his congestive heart failure is in retaliation for previous complaints he has filed regarding his medical treatment, conditions of confinement and excessive force used against him.

Despite the plaintiff's dramatic allegations, he has indicated that at least two medical professionals (Dr. Sumnicht and Health Service Unit Manager Belinda Schrubbe) do not believe he has congestive heart failure. Following her review of the plaintiff's medical records, Schrubbe informed the inmate complaint examiner: "Patient does not have Congestive Heart Failure. His BNP was normal. Dr. Sumnicht will continue to treat patient accordingly. There is no medical need to send patient to a Cardiologist." (Complaint, Exhibit B). At most, the plaintiff has presented a disagreement with his medical treatment.

The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury' . . . ." *Lewis*, 279 F.3d 526, 531 (7th Cir. 2002); *see also*, *Ciarpaglini*, 352 F.3d at 330 (holding that a plaintiff's allegations of a past injury that has not recurred does not justify *in forma pauperis* status). Based on the foregoing, the court concludes that the plaintiff is not under imminent danger of serious physical injury and therefore, may not proceed *in forma pauperis* under that exception to 28 U.S.C. § 1915(g).

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this action will be **DISMISSED** unless the plaintiff submits the sum of $350.00 as the full filing fee in this action to the Clerk of Court on or before **January 31, 2012**.

3

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the plaintiff is confined.

Dated this __17th__ day of January, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

Case 1:11-cv-01084-WCG   Filed 01/18/12   Page 4 of 4   Document 10