UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNY LACY, JR.,

    Plaintiff,

Case No. 11-CV-1084

CHARLES COLE, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

In an order entered January 18, 2012, I denied the plaintiff's motion for leave to proceed *in forma pauperis* because he has accumulated three "strikes" under 29 U.S.C. § 1915(g) and his complaint did not indicate that he was in imminent danger of serious physical injury. Now before me is the plaintiff's motion for reconsideration.

Although the plaintiff brings his motion for reconsideration under Federal Rule of Civil Procedure 59(e), there has been no judgment entered in this case. Thus, I will consider the plaintiff's motion under Federal Rule of Civil Procedure 54, which allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987).

*Compare Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

The plaintiff argues that the Court's determination that he was not in imminent danger is a manifest error of law and also asserts that he has newly discovered evidence. He cites to information he received via "telemed" from a medical professional at the University of Wisconsin Hospital. She told the plaintiff that he has blockage and an atrial enlargement that is a form of congestive heart failure. The plaintiff also cites his family history, including a father who died of a cerebral aneurysm. He argues that kidney and brain cells are killed off by high blood pressure and that high blood pressure is known throughout the world, especially in Native American and black communities, as the "silent killer."

The plaintiff is "100% sure" that he suffers from one form or another of congestive heart failure. He provides highlights from his medical history dating back to the summer of 1994. In 2005, the plaintiff was diagnosed with fibromyalgia and ultimately had a prescription for Vicodin. In 2008, the plaintiff was released from administrative confinement and then transferred to the Waupun Correctional Institution (WCI). Upon his arrival at WCI, the doctor terminated the plaintiff's prescriptions for Vicodin, ibuprofen, and acetaminophen. The plaintiff's blood sugar and blood pressure increased so much that the plaintiff was put on five medications to lower them.

The plaintiff suggests that the doctor and HSU manager acted with "acrimony" towards him. He indicates that Dr. Sumnicht told the plaintiff that HSU Manager Belinda Schrubbe told Dr. Sumnicht that she would not submit a request for the plaintiff to be examined by a cardiologist. According to the plaintiff, Dr. Sumnicht told him on January 15, 2011, that he tried to sneak in the

2

request. Although the plaintiff says this conversation took place on January 15, 2011, the Court presumes the plaintiff meant January 15, 2012.

The plaintiff argues that there is nothing in his pleadings to suggest that he is not suffering from congestive heart failure. He again contends that he is in imminent danger of a heart attack or stroke, and he claims that this is ongoing harm. The plaintiff argues that a cardiologist needs to determine the extent of the damage to the plaintiff's heart before the Court can decide if he's in imminent danger. Additionally, the plaintiff attempts to include the discontinuation of his medication in an attempt to meet the imminent danger standard, but he indicates that the medications were discontinued in 2008 when he was transferred to WCI.

Nothing the plaintiff presents indicates that the Court made a manifest error of law. Nor does the plaintiff present new evidence of an imminent danger of serious physical injury.

The plaintiff also argues that the Court did not properly screen his complaint. However, this case is not yet at that stage. In order for a complaint to be screened, a prisoner must either pay the full filing fee or have a motion for leave to proceed *in forma pauperis* granted and pay an initial partial filing fee. I denied the plaintiff's motion for leave to proceed *in forma pauperis* after determining that the plaintiff is not in imminent danger, and the plaintiff has asked the Court to reconsider that decision.

Section 1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." *Ciarpaglini*, 352 F.3d at 331. The plaintiff cannot simply say the magic words, "imminent danger," and transform any claim into one that circumvents § 1915(g). The alleged imminent danger in the plaintiff's complaint

3

boils down to his disagreement with the medical treatment being provided to him. He has provided enough detail regarding the treatment he is receiving to show that he is not in imminent danger because the medical staff is aware of his symptoms and he is receiving medical care for them. It is evident that the plaintiff just wants a second opinion and/or different treatment from what he is receiving, which is not a valid claim, let alone a situation presenting imminent danger. *See Ciarpaglini*, 352 F.3d at 331 (disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976)).

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, effective **Thursday, March 1, 2012**, unless, prior to that date, the plaintiff submits the sum of $350.00 as the full filing fee in this action to the Clerk of Court.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the plaintiff is confined.

Dated this   10th   day of February, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
